UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

AHMED NASSER,

        Plaintiff,

-vs-

HORIZON LINES, LLC, a foreign
corporation,

        Defendant.

_____/

Case No. 08-
HON.

```
FILED: AUGUST 20, 2008
08CV4727
JUDGE MANNING
MAGISTRATE JUDGE NOLAN

TC
```

GEORGE T. FISHBACK P29763
AMRIA N. AHMED P70338
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan  48226
(313) 965-3464
gtfishback@sachswaldman.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff AHMED NASSER, by and through his attorneys, SACHS WALDMAN, Professional Corporation, and respectfully represents unto this Honorable Court as follows:

### COUNT I

1.     Plaintiff AHMED NASSER is a resident of the City of Dearborn, County of Wayne and State of Michigan.

2.     Defendant, Horizon Lines LLC, is a foreign corporation, duly authorized and existing under and by virtue of the laws of the State of North Carolina and is doing continuous and systematic business within the Northern Judicial District of Illinois.

3.      That jurisdiction is based upon the Jones Act, 46 USCA Sec. 688, et seq, the

Admiralty and General Maritime jurisdiction of this Court, and an amount in controversy is

in excess of Seventy-five Thousand and no/100 ($75,000.00) Dollars, exclusive of costs,

interest and attorney fees.

4.      That at all times relevant hereto, Plaintiff AHMED NASSER was employed

by Defendant Horizon Lines LCC as an AB/maintenance and was a member of the crew

of the M/V "Horizon Kodiak," as a consequence of the foregoing, Plaintiff is a seaman and

enjoys "seaman's status" pursuant to applicable law, including, but not limited to the Jones

Act 46 U.S.C. Sec. 30104, et seq, (formerly 46 U.S.C. Sec. 688), as well as 28 USCA Sec.

1916.

5.      On or about June 8, 2007, Defendant Horizon Lines LLC was the owner and

operator of the M/V "Horizon Kodiak," and that said vessel was in navigation pursuant to

applicable law.

6.      That pursuant to "The Jones Act," 46 USCA Section 688, et seq, and to the

general admiralty and maritime law, it became and was the duty of Defendant Horizon

Lines LLC to provide plaintiff with a reasonably safe place to work and to keep and

maintain its vessel in a seaworthy condition.

7.      On the above date, while in the course and scope of his employment, Plaintiff

AHMED NASSER was caused to be painfully injured as a result of the negligence of the

defendant, and the unseaworthiness of defendant's vessel, while he was attempting to

climb down from one of the towers on the vessel and get back onto the deck, when he was

caused to slip and fall in the space between the tower and the hatch, striking his back on

the coaming and causing him to suffer serious injuries.

8.　　Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

a)　　failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;

b)　　failing to discover, inform and warn those required to be in the area, and Plaintiff AHMED NASSER in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing on said vessel;

c)　　failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;

d)　　failure to provide a safe place to work for those required to be on the vessel;

e)　　failure to provide an adequate ingress and egress from the towers he was required to work on;

f)　　failing to hire careful, competent and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, that the ingress and egress to the towers was not adequate;

g)　　failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury;

h)　　failing to assign plaintiff to work that was within his physical capacity;

I)　　failing to properly monitor plaintiff's work activities and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards;

9.    As a direct result of such negligence, Plaintiff AHMED NASSER sustained great physical pain and mental anguish and extreme shock to the nervous system, to wit: serious back injuries.

10.    As a further result of said occurrence and of said injuries, Plaintiff AHMED NASSER has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**WHEREFORE,** Plaintiff AHMED NASSER demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

## COUNT II

For a Second Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-7.    Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

8.    That Defendant, as the owner, maintainer, controller and/or operator of the aforementioned vessel, expressly and/or impliedly warranted that its vessel and was reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

9.      That more specifically, Defendant expressly and impliedly warranted that its vessel was owned, maintained, controlled and/or operated so as not to subject persons, such as Plaintiff AHMED NASSER, who were working on said vessel, to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

10.     That as a direct and proximate result of Defendant's aforementioned breaches of warranties, Plaintiff AHMED NASSER sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: serious back injuries..

11.     As a further result of said occurrence and of said injuries, Plaintiff AHMED NASSER has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future.

**WHEREFORE,** Plaintiff AHMED NASSER demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

## COUNT III

For a Third Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-7.   Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count

I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

8.    Under Federal Admiralty Law, Defendant is burdened with a duty for the benefit of Plaintiff to provide "maintenance and cure" benefits for injuries Plaintiff sustained during the course of his employment.

9.    Defendant has wrongfully terminated and withheld the maintenance and cure benefits to which plaintiff is entitled for support and medical expenses incurred during the course of his disability as a result of the subject incident and refused to provide and/or authorize necessary medical treatment, whereby plaintiff has suffered and continues to suffer from a state of forced impoverishment, lack of necessary medical care and irreparable damage to his credit rating and reputation as a result of Defendant's wrongful, deliberate and willful and wanton acts and omissions and whereby plaintiff seeks the imposition and levy of compensatory and of punitive damages against the defendant.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in whatever amount to which he is found to be entitled, together with exemplary and/or punitive damages, costs, interest and attorneys' fees.

Respectfully submitted,

SACHS WALDMAN, Professional Corporation,

BY:    */s/ George T. Fishback*
       GEORGE T. FISHBACK (P29763)
       AMRIA N. AHMED (P70338)
       Attorneys for Plaintiff
       1000 Farmer at Bates
       Detroit, MI  48226
       (313) 965-3464 / fax 965-4315
Dated: August 20, 2008       gtfishback@sachswaldman.com

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

AHMED NASSER,

        Plaintiff,                            Case No. 08-
-vs-                                      HON.

HORIZON LINES, LLC, a foreign
corporation,

        Defendant.
_____/

GEORGE T. FISHBACK P29763
AMRIA N. AHMED P70338
Attorneys for Plaintiff
1000 Farmer Street
Detroit, Michigan  48226
(313) 965-3464
gtfishback@sachswaldman.com

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Ahmed Nasser, by and through his attorneys, SACHS WALDMAN, P.C., and hereby demands a trial by jury of the issues in the above-entitled cause of action.

                           Respectfully submitted,

                           SACHS WALDMAN, Professional Corporation,

                           BY:    */s/ George T. Fishback*
                                      GEORGE T. FISHBACK (P29763)
                                      AMRIA N. AHMED (P70338)
                                      Attorneys for Plaintiff
                                      1000 Farmer at Bates
                                      Detroit, MI  48226
                                      (313) 965-3464 / fax 965-4315
Dated: August 20, 2008                      gtfishback@sachswaldman.com